63798. DOLPH v. THE STATE.

BANKE, Judge.

The appellant and two co-indictees, Susan Marie Stockton and Curtis D. Fagan[1], were charged with aggravated assault and robbery. Fagan had not been apprehended as of the time of the appellant's trial, and Stockton testified for the state after pleading guilty to the charges. On appeal, the appellant's sole contention is that the evidence was insufficient to support a conviction.

The victim testified that he picked up Ms. Stockton in a motel bar and was walking down an alley behind the building with her when he was attacked and robbed by two persons. He further testified that as a result of this beating, he lost sight in one eye. Officer Trout of the

---

[1] This defendant was referred to as Fagan in the transcript and as Feagin in the indictment.

Augusta Police Department's stakeout squad testified that he and another officer had the motel parking lot under surveillance when they observed the appellant and another man, later identified to them as Fagan, standing by the back of the building. He saw the two men get into a car in the parking lot and then saw Ms. Stockton get out of the car and enter the motel. She exited a few minutes later, followed by the victim, and walked around the corner of the building into an alleyway. The appellant and Fagan left the car and entered the alley behind them, and the two officers immediately closed in. However, by the time the officers reached the victim, he had already been attacked.

Officer Trout's companion, Officer New, testified to essentially the same facts and further stated that he had actually seen the appellant strike the victim. Ms. Stockman testified that she, the appellant, and Fagan had gone to the motel together and that the two men sent her inside to pick up someone so that they could get his money. She stated that after she came back outside with the victim and led him into the alley, the two men attacked him.

The appellant testified that he had come into town with Fagan and Stockman and had gone to the motel to meet them in order to get a ride back home. He said that after arriving at the parking lot, he saw Stockman, the victim, and Fagan walk into the alleyway and that he followed them and saw Fagan hit the victim with a bottle. He testified that when Officer New appeared in plain clothes and pulled a gun on him, he ran around the side of the motel, jumped into some bushes, hid there for about three hours, and then emerged and took a cab back home. The next day he read in the newspaper about a man being mugged at the hotel. *Held:*

The evidence was sufficient to enable a rational trier of fact to find the appellant guilty of both charges beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 16, 1982.

*John L. Mixon III,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.